IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

        Plaintiff,                   No. CIV S-08-1530 LKK KJM

    vs.

JAMES LYNCH, et al.,

        Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment was submitted on the papers. Upon review of the documents in support, no opposition having been filed, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant Moe Shafiee and proof of service was filed January 28, 2009. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The Clerk of the Court entered default against defendant Moe Shafiee on March 5, 2009. Plaintiff's present motion for entry of default judgment was served by mail on defendant Moe Shafiee at defendant's last known address.

        Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.

1

1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974). There are no policy considerations to preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (enumerating factors to be considered).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for entry of default judgment be GRANTED and that judgment be awarded against defendant Moe Shafiee in the amount of $12,000;[1] and

2. Injunctive relief be granted against defendant Moe Shafiee requiring a van accessible disabled parking space with an accessible route to the main entrance and an accessible entrance to the business known as Rancho Smog & Rancho Auto Service located in a retail center at 10751 Folsom Blvd., Rancho Cordova, California in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

These findings and recommendations are submitted to the District Judge assigned to this matter, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served

---

[1] While plaintiff seeks $4,000 for each actual visit to the business and each foregone visit (see Motion for Default Judgment at 3:20-25), he has pled only that he actually visited the parking lot of the business three times. Complaint at 4:9-11. With no explanation, plaintiff's general allegation of five foregone visits is inadequate to sustain statutory damages for these visits. The Lentini case is inapposite as it addressed season tickets to the theater. Lentini v. Cal. Center for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004).

and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2009.

_____
U.S. MAGISTRATE JUDGE

006
johnson-lynch.def